**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALIRIO JOSE JUNIOR PARRA VERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2179-J** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Alirio Jose Junior Parra Vera, a noncitizen[1] and Venezuelan national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1). The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition.

## I. Background

Petitioner is a citizen of Venezuela. Pet. at 6; Doc. 13-1 at 1 (December 2021 Notice to Appear).[2] He entered the United States without inspection on December 13, 2021, near Hidalgo, Texas, and was detained. Pet. at 7; Doc. 13-1 at 1; Doc. 13-6 at 3 (ICE Record

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

of Deportable/Inadmissible Alien). The next day, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 13-1 at 1. On December 15, 2021, ICE released Petitioner under his own recognizance under 8 U.S.C. § 1226. Doc. 13-2 at 1 (Notice of Custody Determination). He later sought asylum and withholding of removal. Doc. 13-8 at 2 (Motion for Bond Redetermination); *see also* Doc. 13-10 at 1 (Application for Asylum and for Withholding of Removal, "Asylum Application"); Doc. 13-11 at 1 (Amended Application for Asylum and Withholding of Removal).

On or before December 11, 2023, Petitioner applied for temporary protected status ("TPS"). Doc. 13-3 at 1 (Approval Notice). Based on his then-expected TPS status, he sought termination of his removal proceedings. Doc. 13-4 at 1 (Unilateral Motion to Terminate). On December 16, 2024, an Immigration Judge ("IJ") granted Petitioner's motion for termination of removal proceedings. Doc. 13-5 at 3-4 (December 2024 Order of IJ).[3] He was granted TPS on May 27, 2024, for the period through April 2, 2025. Doc. 13-3 at 1.

On June 18, 2026, ICE detained Petitioner when he attended a scheduled check-in at ICE's Dallas field office. Pet. at 2, 7; Doc. 13-6 at 2-3. The same day, ICE again placed

---

[3] The Petition alleges removal proceedings were terminated on December 12, 2024, not on December 16, 2024. Pet. at 7. This difference is not material to the undersigned's analysis.

him into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible both (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under § 1182(a)(7)(A)(i)(I) as someone who entered the United States without valid entry and travel documents. Doc. 13-7 at 1, 4 (June 2026 Notice to Appear).

On July 16, 2026, Petitioner filed a Motion for Bond Redetermination with the Immigration Court. Doc. 13-8 at 2-3. He asserted he was not a danger to the community because "he ha[d] never been arrested for or convicted of any crimes." *Id.* at 3. He argued he was not a flight risk because "he ha[d] regularly appeared for check-ins with DHS and appeared for removal proceedings" and because his sponsor would "financially provide for [him] and make sure [he] attends all future court hearings if he is released." *Id.*

On August 7, 2026, an IJ conducted a bond hearing and denied Petitioner's request for release. Pet. at 2. Specifically, the IJ held (1) "a noncitizen in removal proceedings has no constitutional right to be released on bond" because 8 U.S.C. § 1226(a) "grants the [Immigration] Court broad discretion to determine bond during removal proceedings;" (2) "[Petitioner] has the burden of demonstrating to the [Immigration] Court that he is not a danger to the community or a flight risk;" (3) Petitioner "met his threshold burden of showing he is not a danger to persons or property;" and (4) Petitioner did not meet "his burden to show that he is not a flight risk under the general criteria for consideration of bond" after the IJ "balance[d] the relevant factors" from *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Doc. 13-9 at 1-2 (August 2026 Order of IJ) (citation modified).

The IJ made factual findings regarding whether Petitioner was a flight risk:

- In Petitioner's favor: he "has a fixed rental address;" he "is married with two children and has three sisters" who presumably reside in the United States; he "has a steady employment history working as a driver delivering and installing appliances" reaching back to February 2024; he has known his boss, who is his sponsor, since 2023; he "has an excellent record of appearances" and "has never missed a court hearing or an ICE check-in" over more than four years; and "he has no history of immigration violations or attempts to flee authorities." *Id.* at 2 (citation modified).

- In the Government's favor: Petitioner "has no property ownership in the United States;" "he has a short length of residence, having entered the United States recently in 2021;" "none of [his] immediate family members possess lawful immigration status;" "his manner of entry is negative;" and "most importantly, . . . any path to remaining in the United States is speculative at this time and dependent on a favorable adjudication" which, under BIA precedent, "does not materially diminish his flight risk because his underlying immigration history lacks certain or viable relief," resulting in the lack of "a strong incentive to comply with future orders of the [IJ]." *Id.* (citation modified).[4]

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 2, 6. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 12, 2026). His immigration proceedings remain pending. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Nov. 12, 2026).

## II. <u>**Petitioner's Claim**</u>

Petitioner asserts a single count in his Petition, alleging ICE violated his Fifth Amendment rights to procedural and substantive due process by categorically "treat[ing]

[4] The IJ also determined Petitioner's "uncles and cousins are American citizens," but this fact does not appear to have swayed the IJ in either direction. Doc. 13-9 at 2.

[his] entry without inspection and unresolved asylum application as circumstances supporting continued detention." Pet. at 10; *see also id.* at 14-16. Petitioner explains: "If the absence of a favorable decision [on asylum] establishes flight risk, every detained asylum applicant may be treated as a flight risk merely because the application has not yet been adjudicated" and the Government's "procedure permit[s] circumstances common to unadmitted asylum applicants to support continued detention without requiring [the Government] to demonstrate, through individualized evidence, that incarceration [is] necessary." *Id.* at 11; *see also id.* at 12 (making the same argument regarding manner of entry and arguing it "is a historical fact shared by many noncitizens detained under § 1226(a)" which, "without an individualized connection to present conduct," cannot "demonstrate that Petitioner will fail to appear or comply with supervision" conditions).

Petitioner seeks "immediate release subject to reasonable conditions of supervision." *Id.* at 3; *see also id.* at 16-17.

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. The Court has jurisdiction to consider the Petition.

As a threshold matter, the Court has jurisdiction to address Petitioner's constitutional claim to the adequacy of his bond hearing. Under 8 U.S.C. § 1226(e), "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026). That section "does not, however, deprive [courts] of jurisdiction to hear constitutional challenges to the extent of the Government's detention authority under the statutory framework as a whole." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (finding section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law" (citation modified)).

Respondents do not dispute this Court's jurisdiction for limited habeas review; instead, they assert Petitioner's claim does not fit within the Court's limited review. Resp. at 6-7. Judges in this District, including the Court, have found jurisdiction to consider whether a petitioner's procedural due process rights were violated at an IJ's bond hearing.[5] *E.g.*, *Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (analyzing due process and agreeing "a procedural due process violation likely

---

[5] Petitioner does not distinguish between procedural due process and substantive due process. Pet. at 14. The Court need not decide whether Petitioner's substantive or procedural due process rights are specifically at issue because he fails to establish any due process violation during his bond hearing.

occurred" at a bond hearing when the wrong standard was used, but it was rendered harmless by the IJ's subsequent order citing the correct standard); *Singh v. Mullin*, No. CIV-26-1083-J, 2026 WL 3027159, at *2 (W.D. Okla. Sept. 30, 2026) (R&R) (finding limited habeas jurisdiction existed, but no due process violation occurred), *adopted* 2026 WL 3030050, at *1 (W.D. Okla. Oct. 8, 2026). Accordingly, the Court has jurisdiction over Petitioner's claim to the extent he challenges whether his due process rights were violated at the bond hearing.

**B. Petitioner has not shown the IJ violated his due process rights at the bond hearing.**

Petitioner and Respondents agree he is detained under 8 U.S.C. § 1226(a). Pet. at 2; Resp. at 6. "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). When "§ 1226 governs Petitioner's detention, the due process owed to [him] is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. . . . An individualized custody redetermination hearing [will] provide Petitioner with the process he is due under the statute.").

On August 7, 2026, at a bond hearing where Petitioner had counsel,[6] the IJ denied bond after finding Petitioner "failed to meet his burden of demonstrating that he is not a flight risk." Doc. 13-9 at 2. This Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with the law when denying Petitioner bond. He must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2. "Habeas relief is appropriate only if the [IJ's] exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified). "To make this showing, [Petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019) (citation modified).

"In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests.'" *De Souza v. Soto*, Civ. No. 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (citation modified) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-

---

[6] The Motion for Bond Redetermination was filed by Petitioner's immigration counsel. Doc. 13-8 at 3. And the subsequent IJ's Order was sent to counsel. Doc. 13-9 at 1. Neither party indicates Petitioner lacked counsel at the bond hearing. As a result, the undersigned presumes he was represented.

1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)); *see also Singh*, 2026 WL 3027159, at *3 (applying these requirements); *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1239322, at *3-4 (W.D. Okla. Apr. 17, 2026) (R&R) (same), *adopted sub nom.*, *Casallas v. Jones*, 2026 WL 1233127, at *1 (W.D. Okla. May 5, 2026).

Petitioner fails to make the required showing here. His Petition is framed as a constitutional challenge that his bond hearing did not comply with due process. But he fundamentally asks the Court to (i) re-weigh the factual findings made by the IJ at the bond hearing to reach a different result[7] and (ii) assume the IJ elevated one of several factors he identified to make the single factor dispositive, despite the IJ not stating as much and Petitioner providing no evidence the IJ's Order incorrectly states how he reached his decision.

Petitioner first alleges the IJ "found that [he was] categorically not eligible for bond because of his manner of entry." Pet. at 2 (citation modified). There is no evidence the IJ made a categorical decision. The IJ's Order identifies multiple factors he used to determine whether Petitioner showed he was not a flight risk: his housing, his length of residency, his familial relationships, his family members' citizenship statuses, his employment, his history of appearances at Immigration Court proceedings and ICE check-ins, his manner

[7] Respondents similarly contend "Petitioner is, in essence, claiming that he is entitled to a review" by this Court of the IJ's determination to deny bond "and the entry of a different decision." Resp. at 6. To the extent Petitioner challenges the IJ's discretionary decision to deny bond, this Court has no jurisdiction to consider that challenge. *Kumar*, 2026 WL 753944, at *2; *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review").

of entry, and his current status in seeking asylum. Doc. 13-9 at 2. And the IJ summarized his decision, not mentioning manner of entry as a dispositive, or even a major, factor:

> In conclusion, while [Petitioner] does not pose a danger to the community, he has failed to meet his burden of demonstrating that he is not a flight risk. *His lack of immediate family ties with lawful status, short residence period, and speculative path to legal relief fail to satisfy the Court that he will comply with future orders.* Accordingly, [Petitioner]'s request for release on bond is hereby denied, and he is ordered detained without bond in the custody of the Department of Homeland Security.

*Id.* (emphasis added). There is no record evidence the IJ treated Petitioner's manner of entry in a categorical manner. And he does not provide precedent indicating "manner of entry" cannot be considered, among other factors, by an IJ determining bond eligibility.

Petitioner also alleges (i) "the [IJ] expressly found that Petitioner is categorically not eligible for bond because of . . . his pending asylum application" and (ii) the IJ failed to "perform a cursory review of the pending asylum application to determine its viability." Pet. at 2 (citation modified). Again, based on the IJ's Order summarizing multiple factors he considered to determine whether Petitioner showed he was not a flight risk, the undersigned disagrees that this factor was categorically dispositive. *See* Doc. 13-9 at 2.

Further, Petitioner provides no evidence that the IJ failed to review the Asylum Application submitted to him. *See* Doc. 13-8 at 2 (indicating the Asylum Application was an exhibit to the Motion for Bond Redetermination). Instead, the IJ stated he gave "full consideration [to] the evidence presented," which necessarily includes the Asylum

Application.[8] Doc. 13-9 at 1. And Petitioner provides no precedent in support of his argument the IJ must conduct an in-depth "analy[sis of] the viability of th[e] asylum application." Reply at 5.

All told, the undersigned finds the requirements for a fair bond hearing were met, so no constitutional defect exists. The IJ indicated he considered all evidence produced to him. Doc. 13-9 at 1. Petitioner does not allege his immigration counsel lacked the opportunity to argue to the IJ on his behalf. And the IJ decided bond eligibility based on evidence specific to Petitioner. *See id.* Petitioner has not, for example, shown the IJ denied him the opportunity to present evidence or refused to consider any evidence presented.[9] *See, e.g.*, *Nucamendiz*, 2026 WL 221449, at *2 (finding the IJs' determinations that petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to

---

[8] If the Asylum Application was not provided to the IJ by Petitioner, habeas relief still is not proper. When "the burden is on the petitioner" in a bond hearing, "it is the sufficiency of [his] showing that is at issue" when assessing constitutionality of the bond hearing, "not whether the government produced proof of its own" supporting continued detention. Order of June 18, 2026, *Singh v. Mullin*, No. CIV-26-712-HE, Doc. 13, at *7 (W.D. Okla.).

[9] The IJ assigned the burden of proof at the bond hearing to Petitioner, consistent with ICE regulations and BIA precedent. *See, e.g.*, *Guerra*, 24 I. & N. Dec. at 40 (stating the "burden is on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond"); *see also* Pet. at 12; Reply at 7-8. To the extent Petitioner argues for burden shifting, Judges in this District have consistently declined to order burden shifting. *See, e.g.*, *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (holding "the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing"); Order of Aug. 25, 2026, *Ochilov v. Grant*, No. CIV-26-526-R, Doc. 30, at *3 (W.D. Okla.) (reaching a similar holding).

the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond"); *De Souza*, 2026 WL 102946, at *3 (denying petitioner's motion to enforce a habeas judgment requiring a bond hearing where "the IJ did not summarily deem Petitioner a flight risk" but conducted an individualized review (citation modified)); *accord Velasquez Salazar*, 806 F. Supp. 3d at 1243 (granting habeas relief when materials submitted by the petitioner to the IJ were not given "meaningful consideration").[10]

The Court should deny Petitioner's due process claim. *See Rahul v. Warden*, No. 26-cv-2993, 2026 WL 1916441, at *9-10 (C.D. Cal. June 29, 2026) (rejecting similar due-process arguments regarding an IJ's consideration of "manner of entry and perceived weakness of asylum claims" when denying bond to a noncitizen (citation modified)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 7, 2026**. *See* Fed. R. Civ.

[10] The IJ's bond decision is not inconsistent with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *See* Reply at 3-4. There, the Tenth Circuit rejected the statutory interpretation of § 1225(b)(2) urged by the Government and, instead, held "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237.

P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 12th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE